UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
THERESA CECCOTTI

|                                                     |                          |
|-----------------------------------------------------|--------------------------|
| Plaintiff,                                          | 08 Civ. 1505 (KMK)(LMS)  |
| - against -                                         | Civil Action             |
| FABIO AMENDOLA, individually, RICHARD IUELE,        | ANSWER                   |
| individually, and THE NEW YORK STATE THRUWAY        |                          |
| AUTHORITY,                                          |                          |
| Defendants.                                         |                          |

-----------------------------------------------------------------------x

Defendants FABIO AMENDOLA, RICHARD IUELE, and THE NEW YORK STATE

THRUWAY AUTHORITY (hereinafter "Thruway Authority"), by their undersigned attorney,

Andrew M. Cuomo, Attorney General of the State of New York, answers the Complaint of

Plaintiff as follows:

1. With respect to paragraph 1, respectfully submit that the allegations are contentions or
arguments of law to which no response is required, and to the extent such a response is required,
deny knowledge or information sufficient as to form a belief as to the truth of the allegations.

2. With respect to paragraph 2, respectfully submit that the allegations are contentions or
arguments of law to which no response is required, except admit that plaintiff has filed a charge
of discrimination with the United States Equal Employment Opportunity and respectfully refer
the Court to said charge as the best evidence of its contents, and with respect to the remaining
allegations of paragraph 2, deny.

3. With respect to paragraph 3, respectfully allege that there are more than two female
Thruway Authority employees assigned to work on the Tappan Zee Bridge, respectfully allege

that plaintiff has on occasion declined overtime work referred to her, and respectfully allege that the youngest of plaintiff's children were at least 20 years old at the time this action was filed and hence do not need plaintiff's supervision while not in school, and otherwise, admit.

4.   With respect to paragraph 4, admit that defendant Amendola was employed as a Bridge Maintenance Supervisor II, deny that he had direct supervisory authority control over plaintiff, resepectfully allege that defendant Amendola has indirect supervisory responsibility over plaintiff, and with respect to the remaining allegations of paragraph 4, deny.

5.   With respect to paragraph 5, admit that defendant Iuele was employed as a bridge maintenance engineer assigned to the Tappan Zee Bridge, admit that defendant Iuele had direct supervisory responsibility over defendant Amendola, and with respect to the remaining allegations of paragraph 5, deny.

6.   With respect to paragraph 6, admit.

7.   With respect to the first paragraph 7, admit that in 2005, Michael King was appointed as seasonal supervisor of the "night crew" of which plaintiff was a member, and with respect to the remaining allegations of the first paragraph 7, deny.

7A.   With respect to the second paragraph 7, admit that plaintiff was appointed as interim temporary night crew supervisor in July 2005, and with respect to the remaining allegations of the second paragraph 7, deny.

8.   With respect to paragraph 8, admit that plaintiff was replaced as temporary night crew supervisor in July 2005 by Trevaile Harvey, an African American male, and with respect to the remaining allegations of paragraph 8, deny.

2

9.  With respect to paragraph 9, admit that plaintiff sought to be appointed to both the night crew and night supervisor position for the 2006 work season, and with respect to the remaining allegations of paragraph 9, deny.

10.  With respect to paragraph 10, admit that Trevaile Harvey, an African American male, was appointed to the seasonal night supervisor position for the 2006 work season, and with respect to the remaining allegations of paragraph 10, deny.

11.  With respect to paragraph 11, admit that plaintiff has filed a charge of discrimination with the United States Equal Employment Opportunity and respectfully refer the Court to said charge as the best evidence of its contents, and with respect to the remaining allegations of paragraph 11, deny.

12.  With respect to paragraph 12, admit that Trevaile Harvey, an African American male, was appointed to the night seasonal supervisor position for the 2007 work season, and with respect to the remaining allegations of paragraph 12, deny.

13.  With respect to paragraph 13, respectfully submit that the allegations are contentions or arguments of law to which no response is required, and to the extent such a response is required, deny.

14. With respect to paragraph 14, defendants repeat and reallege their responses set forth in paragraphs 1 through 13 above as their response to paragraph 14.

15.  With respect to paragraph 15, respectfully submit that the allegations are contentions or arguments of law to which no response is required, and to the extent such a response is required, deny.

16.  With respect to paragraph 16, defendants repeat and reallege their responses set

forth in paragraphs 1 through 13 above as their response to paragraph 16.

17.  With respect to paragraph 17, respectfully submit that the allegations are contentions or arguments of law to which no response is required, and to the extent such a response is required, deny.

18.  With respect to paragraph 16, defendants repeat and reallege their responses set forth in paragraphs 1 through 13 above as their response to paragraph 18.

19.  With respect to paragraph 19, respectfully submit that the allegations are contentions or arguments of law to which no response is required, and to the extent such a response is required, deny.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20.    Plaintiff's Title VII claims are barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21.    To the extent plaintiff has previously litigated the issues raised in the complaint, or had an opportunity to litigate these issues in a prior action and failed to do so, plaintiff's claim is barred by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.    Plaintiff's claim is barred by the laches doctrine.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23.    All of the employment decisions made by defendants were made for legitimate, non-discriminatory reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24.    Plaintiff's request for damages is barred to the extent that she has failed to mitigate.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25.    42 U.S.C. §1981a(b)(1) bars a plaintiff from recovering punitive damages against a government entity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred in whole or in part by operation of the Tenth and Eleventh Amendments of the United States Constitution.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27.    Defendants Amendola and Iuele are are immune from suit pursuant to the doctrine of qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28.    This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the state law claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29.    The complaint fails to state a claim for which relief can be granted.

WHEREFORE, Defendants Fabio Amendola, Richard J. Iule and the New York State

Thruway Authority, hereby demand judgment dismissing the Plaintiff's Complaint in all

respects, together with such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      March 25, 2008

                                   ANDREW M. CUOMO
                                   Attorney General of the State of New York
                                   <u>Attorney for Defendants</u>

By:   <u>  /s/ Seth J. Farber             </u>
              Seth J. Farber (SF4189)
              Assistant Attorney General
              120 Broadway,  24th Floor
              New York, New York 10271
              212-416-8029

6